**ANDERSON, CLAYTON & CO. et al. v. STATE ex rel. ALLRED, Atty. Gen., et al.**

No. 9414.

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1934.

Rehearing Denied Feb. 28, 1934.

Johns, McCampbell & Snyder, of Corpus Christi, and Leon Jaworski and Fulbright, Crooker & Freeman, all of Houston, for appellants.

James V. Allred and T. S. Christopher, both of Austin, John C. North, of Corpus Christi, and E. H. Crenshaw, Jr., of Kingsville, for appellees.

FLY, Chief Justice.

This is an appeal from a judgment denying a permanent injunction sought by appellants to restrain the state of Texas from arresting their drivers and other employees who were engaged in driving trucks and transporting cotton for appellants. A jury was impaneled in the case, and after hearing the testimony the court instructed a verdict against appellants and in favor of appellees.

This is the second time that this case has been before this court. The first appeal was from the refusal to grant a temporary injunction in favor of appellants asking the same relief as in the application for permanent injunction.

After the appeal was filed in this court the cause was transferred by the Supreme Court to the Court of Civil Appeals at Amarillo, Tex. That court certified three questions to the Supreme Court, involving what they deemed to be the issues in the case. The only question certified upon which it is necessary for this court to comment in this appeal is as follows: "Were cross-petitioners operating the leased trucks for compensation or hire under the provisions of chapter 277, Acts of the 42d Legislature known as House Bill 335 (Vernon's Ann. Civ. St. art. 911b, § 1 et seq., and Vernon's Ann. P. C. art. 1690b)?" In regard to the question the Commission of Appeals said: "The third question certified presents a question of fact and not of law." The Court of Civil Appeals at Amarillo affirmed the judgment of the lower court in denying the temporary injunction. The cause was then tried on the application for a permanent injunction against the agencies of the state of Texas. The facts on the former appeal are fully disclosed in

the certificate made by the Court of Civil Appeals to the Supreme Court, and the facts being practically the same on this appeal, the certificate is as follows:

"The agreed statement of facts is to the effect that M. D. Anderson, W. L. Clayton, Benjamin Clayton and Lamar Flemming, Jr., are doing business under the style of Anderson, Clayton & Company and are engaged in buying and selling cotton which they export from ports in the State of Texas to various foreign countries. That in connection with their business it is necessary for them to buy large quantities of cotton at interior points in the State and transport it to port cities. That in the transportation thereof some of it is transported over the Texas highways in vehicles owned by Anderson, Clayton & Company. That said vehicles are inadequate for their transportation needs and in order to cope with such inadequacy they entered into separate written lease contracts with different individuals who own approximately fifty motor vehicles equipped and designed to transport cotton. That the terms of such leases were uniform, except as to the length of the term which in most instances was for a period of one week to one month. That in each instance the following form of lease agreement was entered into between the owners of said trucks and Anderson, Clayton & Company:

"'The State of Texas, County of Harris

"'This memorandum of an agreement is made and entered into by and between ——— hereinafter called lessor, and Anderson, Clayton & Co., of Houston, Texas, ——— hereinafter called lessees.

"'Lessor has and does by these presents lease and let to lessees ——— motor trucks fully described by engine number, State License number, manufacturer, and capacity, on the back hereof, for a period of ——— week(s) beginning with the ——— day of ———, 1932, and ending on the ——— day of ———, 1932, both inclusive, subject to the following terms and conditions:

"'The aforesaid trucks are being leased primarily for transportation of cotton from the interior to Houston or other port cities; and bagging, ties or other commodities from Houston and other port cities to the interior. Lessees agree to pay lessor as rental for each of said trucks the sum of $——— dollars per week, plus an additional sum equal to ———¢ per ton mile, for all commodities transported from Houston and other port cities to the interior, respectively on each of said trucks during such lease period.

"'Lessor represents that said motor trucks are in first class condition and in every respect suitable for the transportation of cotton; that each and all of said trucks have been duly licensed and are so constructed and equipped as to comply with all the rules and regulations governing their operation over the highways of this State carrying net loads of the respective amounts as represented on the back hereof. Any repairs necessary to keep the said trucks in good running condition throughout the life of this lease shall be at the expense of lessor; and in the event that the operation of any truck should be suspended for the purposes of necessary repairs during the life of the lease, such loss of time shall be considered to be for the account of lessor and the life of the lease shall be extended, without additional rental payment, for a corresponding period in order to compensate lessees for such loss of time.

"'Lessees, during the term of this lease, are to have absolute control and use of said motor trucks in the same manner as though they were the absolute owners thereof. Lessees will employ and have absolute control and supervision of the operators of said trucks, however, lessees agree not to permit any persons to whom lessor objects in writing as not being careful and competent drivers to operate any of said trucks, if on investigation the lessees find such objections well founded. On the other hand lessor agrees to waive any claim and relinquish and release lessees from any liability for any injury or damage occasioned to said trucks during the term of this lease, whether caused by negligence of the driver or otherwise.

"'Lessor agrees, at his expense, to carry fire, theft and accident insurance to protect himself against loss and injury to said trucks.

"'Lessor also agrees, at his expense, to carry public liability insurance with proper rider or omnibus clause so as to fully protect lessees in the amount of $5,000.00 (five thousand dollars) for death or injury to one person and $10,000.00 (ten thousand dollars) for death or injury to two or more persons growing out of the same accident, and in amount of at least $1,000.00 (one thousand dollars) for property damage. This insurance must be carried in a company authorized to do business in this State and to be in all respects both as to company and form of policy, acceptable to lessees.

"'———, Lessor
"'———, Lessee.
"'———, Date.'

"The said written lease represents the complete agreement between the respective own-

ers and Anderson, Clayton & Company and no verbal arrangements or side agreements of any character were made by said parties. That the conditions of the lease were strictly performed; the trucks used exclusively for the purpose of transporting cotton owned by Anderson, Clayton & Company and for no other purpose. That the consideration paid the owners of the trucks is in each instance agreed upon at the time the lease is executed and is $25.00 per week. That there is no agreement relative to the number of trips a truck will make and the lump sum consideration includes any and every kind of use made of said truck.

"That Anderson, Clayton & Company has approximately twenty drivers of leased trucks who have been arrested in various parts of the State charged with the operation of trucks upon state highways without first obtaining a permit from the Railroad Commission as provided in what is known as House Bill 335. That numerous other drivers have been threatened with arrest and prosecution, a number have been placed in jail where they were detained for a period of time in excess of twenty-four hours and were threatened with re-arrest on each occasion any of them should be found driving such trucks for Anderson, Clayton & Company."

The lower court in instructing a verdict for appellees stated: "The court concludes that the lease agreement is invalid on its face in that under its terms the lessor becomes a motor carrier as that term is defined in chapter 277, Acts of the 42d Legislature of Texas, known as House Bill 335."

In addition to the fact that the so-called lessees of the trucks were hauling their own cotton on the trucks, it was developed that they hauled bagging and ties to different people in different parts of the state. The evidence is uncontradicted and we think brings the case clearly within the purview of chapter 277, Acts of the 42d Legislature, known as House Bill 335 (Vernon's Ann. Civ. St. art. 911b, § 1 et seq., and Vernon's Ann. P. C. art. 1690b). The evidence clearly and palpably shows that the lease was made with the fixed intention and desire to evade the statute in question and to countenance such an evasion would be to destroy and render ineffective the provisions of the statute. No permit was asked or obtained from the state, and not only was the spirit but the letter of the law eluded and rendered without force or effect.

We do not think that the court rendered a decision contrary to the ideas expressed by the Commission of Appeals, but it would be immaterial if such were the case, because the uncontradicted facts show a violation and disregard of the statutes. The agreement between the parties is a part of the facts and is to be considered with the other facts and circumstances brought out in the case, and while it might be conceived that the contract standing alone does not show a violation of law, still when supplemented by other facts it is amply sufficient to sustain the judgment of the lower court. Public policy and the public welfare demand a strict enforcement of laws for the protection of the highways of the state over which thousands of citizens are daily passing and no subterfuge or concealment should be upheld that will protect an offender of the law from punishment.

The propositions of appellants are overruled, and the judgment is affirmed.